UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANDREA SMITH,

    Plaintiff,

v.                                                    Case No: 6:17-cv-1084-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## ORDER[1]

Plaintiff brings this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for a period of disability and disability insurance benefits. Upon review, the Commissioner's final decision is **AFFIRMED**.

## Background[2]

On April 17, 2009, Plaintiff filed for benefits, alleging an onset date of December 31, 2008 (Tr. 327-329). She claimed that she was disabled due to "problem with left hip, pain in left hip, pain in right knee, swelling in both feet, pain in legs and feet, heart problems, problems with bladder, hysterectomy, high blood pressure, thyroid problems, high cholesterol, anxiety, depression nervousness, trouble sleeping, fatigue and cysts on left breast" (Tr. 361). In May of 2010, Administrative Law Judge David Daugherty issued a fully favorable decision granting Plaintiff's application (Tr. 169-72). Five years later, the

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge.
[2] The information in this section is taken from the parties' joint memorandum (Doc. 17).

Commissioner informed Plaintiff that her eligibility for benefits would need to be re-determined because there was reason to believe that she had been awarded benefits as the result of fraud (Tr. 210-13). In 2016, Administrative Law Judge A. Benton (the "ALJ") held a new hearing and issued a decision finding Plaintiff was not disabled between December 31, 2008, through May 3, 2010, the date the agency initially allowed the claim, and terminated Plaintiff's benefits (Tr. 10-32, 139-61). The Appeals Council denied Plaintiff's request for review of that decision (Tr. 1-6), making the ALJ's October 12, 2016 decision the final decision of the Commissioner. Having exhausted the available administrative remedies, Plaintiff filed this action for judicial review (Doc. 1).[3]

## The ALJ's Decision

In determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process established by the Social Security Administration and published in 20 CFR §§ 404.1520(a)(4) and 416.920(a)(4). Specifically, the ALJ must determine whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 CFR Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

---

[3] Plaintiff's complaint raised other issues regarding the propriety of the redetermination process. These issues were resolved in the Commissioner's favor on summary judgment and do not impact the present analysis.

Here, the ALJ performed the required five-step sequential analysis. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of December 31, 2008, through her date last insured (Tr. 17). At step two, the ALJ determined that Plaintiff had the severe impairments of lumbar facet degeneration, osteoarthritis of the right knee, status-post meniscus repair of right knee, and obesity (20 CFR 404.1520(c)) (Tr. 17). But, at step three the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (Tr. 20). Next, the ALJ found that, through May 3, 2010, Plaintiff retained the residual functional capacity ("RFC") to:

> perform a range of light work as defined in 20 CFR 404.1567(b) except she could only lift up to 15 pounds occasionally and ten pounds frequently. She could balance, stoop, kneel, and crouch occasionally but never crawl. The beneficiary could occasionally climb ramps and stairs but never climb ladders or scaffolds. She could sit for a total of six hours in an eight-hour workday and stand and/or walk for six hours in an eight-hour workday. Lastly, she needed to avoid concentrated exposure to hazards, such as unprotected heights or moving mechanical parts.

(Tr. 20).

At step four, with the assistance of a vocational expert's ("VE") testimony, the ALJ determined that Plaintiff was capable of performing past relevant work as a storeowner, and so was not under a disability at any time from December 31, 2008, through May 3, 2010 (Tr. 25).

## Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial

evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (*per curiam*); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## Discussion

*Analysis of Plaintiff's allegations of pain*

A claimant may seek to establish that she has a disability through her own testimony regarding pain or other subjective symptoms. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). To do so, the claimant must show: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the

alleged pain. Id. When an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Id., see also Jones v. Department of Health and Human Services, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. Foote, 67 F.3d at 1562.

The ALJ applied the pain standard and determined that Plaintiff's "medically determinable impairments could reasonably be expected to have caused the alleged symptoms; however, the beneficiary's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Tr. 21). The ALJ supported this general statement with numerous specific findings. The ALJ noted that the objective medical evidence and treatment history did not fully support Plaintiff's allegations of the severity of her functional limitations, but rather, showed that Plaintiff could perform work within her RFC (Tr. 23). The ALJ detailed the minimal to normal findings set forth in the medical records, including imaging studies (Tr. 20-24). The ALJ also cited the inconsistency between Plaintiff's allegations and her testimony that she does not take pain medication for her complaints, and her reports that she was able to do errands such as going to the post office or grocery store without assistance, perform light housekeeping, and drive a car (Tr. 21, see also Tr. 152, 354). In addition, the ALJ referred to opinion evidence showing Plaintiff had minimal limitations (Tr. 20-24). All of these findings are supported by the record evidence cited.

Despite this, Plaintiff contends that the ALJ's decision to discredit her testimony was error because the ALJ did not adequately consider objective evidence that supported Plaintiff's statements, and did not meaningfully address her daily activities or excellent work history. In considering Plaintiff's argument the Court notes that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision ... is not a broad rejection" and shows consideration of a claimant's medical condition as a whole. Dyer, 395 F.3d at 1211. The ALJ's detailed decision shows that the ALJ reviewed and considered the entirety of the record in evaluating all of Plaintiff's impairments. While Plaintiff argues that some of the evidence could support a different conclusion, this is not the standard on review. "The question is not ... whether ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." Werner v. Comm'r, of Soc. Sec., 421 F. App'x 935, 939 (11th Cir. 2011). Here, the ALJ provided a detailed analysis of the evidence of record, supplied a rationale for her findings, and the ALJ's conclusions are supported by the evidence she cites. "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." Phillips v. Barnhart, 357 F.3d 1232, 1240 n. 8 (11th Cir.2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. (internal quotation and citation omitted).[4] For these reasons, the Court rejects Plaintiff's arguments concerning the ALJ's credibility finding.

---

[4] Plaintiff's contention that the ALJ erred in failing to weigh Plaintiff's excellent work history is without merit. The ALJ detailed and considered Plaintiff's work history (Tr. 17, 25) but did not credit Plaintiff's testimony as to why she stopped working (Tr. 21) ("At the hearing, the beneficiary testified she stopped working because her feet would swell and hurt, her back would hurt, and she had difficulty standing, walking, and sitting for a prolonged period.").

- 6 -

*The consultative examination report*

The Commissioner's regulations state that the report of a consultative examination must be "personally reviewed and signed" by the medical source who performed the examination. 20 C.F.R. § 404.1519n(e). The Commissioner "will not use an unsigned or improperly signed consultative examination report to make [a decision denying or ceasing a claimant's disability benefits]." 20 C.F.R. § 404.1519o(b). Plaintiff complains that the ALJ erred in giving any weight to the opinion of licensed psychologist Elizabeth A. Durham because her report was not signed, citing the fourth page of the report, at pg. 459 of the transcript.[5] The report is five pages long (Exhibit 4F -Tr. 456-460), and the fifth page is an electronic signature form which states "Electronic Records Express Attestation: This document was electronically signed." (Tr. 460). The page provides:

> Sender Name: Durham, Elizabeth
>
> Date: Mon Jun 08 21:S8:02 EDT 2009
>
> The following affirmation was electronically signed:
>
> I am certifying, under penalty of perjury, that I have been authorized or contracted by the Disability Determination Services to examine the claimant named in the attached, and produced a consultative examination report for that claimant. The report is accurate. By clicking on the "Agree" button below, I am certifying that I personally conducted, or personally participated in conducting, the consultative examination and have electronically signed the report contained within.

(Tr.460). Plaintiff cites no authority for the proposition that an electronic signature affixed under penalty of perjury by the medical source who conducted the examination does not comply with the regulations. The Court's research shows that other courts have affirmed

---

[5] Ms. Durham opined that the claimant's social functioning, ability to stay on tasks, and pace were within normal limits, and the ALJ gave this opinion significant weight (Tr. 24, 456-460).

- 7 -

an ALJ's reliance on reports signed using electronic signatures. See Devries v. Colvin, No. 3:15CV188-PPS, 2016 WL 4409231, at *3 (N.D. Ind. Aug. 18, 2016) (collecting cases); Wenhold v. Astrue, No. 8:10-CV-2301-T-TGW, 2011 WL 5592879, at *6 (M.D. Fla. Nov. 16, 2011) (the printed names at the end of the reports constitute electronic signatures); Williams v. Astrue, No. 4:10CV1-MP/WCS, 2011 WL 2149507, at *13 (N.D. Fla. Apr. 25, 2011), report and recommendation adopted, No. 4:10-CV-00001-MP-WCS, 2011 WL 2147903 (N.D. Fla. May 31, 2011) (citing the Electronic Disability Guide Procedures for the Electronic Process, POMS DI 810. POMS DI 81020.130); Trotter v. Astrue, No. 5:08CV318/MCR/EMT, 2009 WL 4349809, at *9 (N.D. Fla. Nov. 23, 2009) (noting that the current version of the rule permits the actual physical signature or the approved electronic signature of the medical consultant, but even if the consultant failed to comply with a past version of the rule that required a handwritten signature, there is no compelling, substantive basis for rejecting the assessment.) Absent a showing as to why this signature is not sufficient to meet the purposes of the regulation, remand is not warranted.

*The testimony of the VE*

Plaintiff's final contention is that the case must be remanded due to an unresolved conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). The ALJ asked the VE to assume a hypothetical individual who can lift no more than 15 pounds occasionally, and who has various other functional limitations (Tr. 155-56). The VE stated that an individual with that RFC could perform Plaintiff's past work as a store owner (Tr. 156). Plaintiff contends that, in the DOT, the job of store owner is classified as a light-work position that occasionally requires up to 20 pounds of lifting. See DICOT 185.167-046, 1991 WL 671299. Thus, the VE's testimony that the job can be performed

with only 15 pounds of lifting "is in direct conflict with the DOT" (Doc. 17 at 24). Plaintiff argues the ALJ should have reconciled the conflict with the DOT pursuant to Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704, at *4 (S.S.A. Dec. 4, 2000) and the failure to do so means that "the ALJ's Step Five findings are not supported by substantial evidence." (Tr. 25). The Court disagrees.

This case was determined at step four of the sequential evaluation, not step five. Under SSR 00-4p, an adjudicator has an affirmative responsibility to ask about possible conflicts between a VE's testimony and the information provided in the DOT. The ruling provides:

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.
>
> Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.

SSR 00-4p, 2000 WL 1898704, at *4. Courts in this district have observed that, "pursuant to SSR 00-4p, the ALJ is only required to resolve a conflict between the DOT and the VE's testimony if the ALJ is aware of that conflict." Quinones v. Comm'r of Soc. Sec., No. 6:16-CV-1518-ORL-DCI, 2018 WL 829130, at *3 (M.D. Fla. Feb. 12, 2018); Sollars-D'Annunzio v. Astrue, No. 5:08-CV-80-OC-GRJ, 2009 WL 302170, at *9 (M.D. Fla. Feb. 6, 2009) ("SSR 00-4p only requires the VE to resolve the conflict when he is made aware

of the conflict"); Wright v. Comm'r of Soc. Sec., No. 6:12-CV-1640-ORL-31, 2014 WL 982626, at *9 (M.D. Fla. Mar. 12, 2014) ("SSR 00-4p does not require an ALJ to independently investigate a VE's testimony or further interrogate a VE when the VE testifies, as here, that no inconsistency or conflict exists between her testimony and the DOT."). Additionally, in the Eleventh Circuit, if there is a conflict between the DOT and the jobs identified by a vocational expert in response to a hypothetical question, the testimony of the vocational expert "trumps" the DOT because "the DOT is not the sole source of admissible information concerning jobs.'" Jones v. Apfel, 190 F.3d 1224, 1229-30 (11th Cir. 1999).[6]

Here, the ALJ posed a hypothetical question that included all of the limitations in the RFC finding (Tr. 20, 155-56) and the VE testified that a hypothetical person with the same age, work experience, and work-related limitations as Plaintiff could perform her past relevant work as a store owner (Tr. 155-56). Then, the ALJ asked the VE if her testimony was consistent with the DOT and she responded "Yes" (Tr. 157). Plaintiff's attorney did not question the VE regarding any discrepancy between her testimony and the DOT or her testimony and the lifting limitation in the ALJ's RFC finding (Tr. 157-158). Under these circumstances, the ALJ complied with her obligations and remand is

---

[6] Plaintiff acknowledges the holding in Jones, but invites the Court to ignore it, arguing that Jones "is no longer good law because SSR 00-4p clarifies that a VE's testimony can never 'trump' the DOT." Plaintiff is incorrect and the Court declines the invitation. After issuance of SSR 00-4p, the Eleventh Circuit has continued to apply its holding in Jones. See Leigh v. Comm'r of Soc. Sec., 496 F. App'x 973, 974–75 (11th Cir. 2012) ("If there is a conflict between the DOT and the jobs identified by a VE in response to the hypothetical question, the testimony of the vocational expert 'trumps' the DOT because 'the DOT is not the sole source of admissible information concerning jobs' "); Hurtado v. Comm'r of Soc. Sec., 425 F. App'x 793, 796 (11th Cir. 2011); Miller v. Comm'r of Soc. Sec., 246 F. App'x 660, 662 (11th Cir. 2007) (recognizing SSR 00-4p but finding that agencies rulings do not bind the Court and "[o]ur precedent establishes that the testimony of a vocational expert 'trumps' an inconsistent provision of the DOT in this Circuit").

unwarranted.

As the Commissioner's administrative decision was made in accordance with proper legal standards and is supported by substantial evidence, it is due to be affirmed.

### Conclusion

Upon consideration of the foregoing:

1. The Commissioner's final decision in this case is **AFFIRMED**.

2. The Clerk is directed to enter judgment accordingly and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on April 25, 2018.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record